# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN DOLEZAL and
LAURA DOLEZAL,

    Plaintiffs,

v.

Case No. 2:18-CV-02524

STARR HOMES, LLC; JERRY BAIN;
JENNIFER BAIN; and CASTROP DESIGN
GROUP, LLC,

    Defendants.

## MEMORANDUM & ORDER

Plaintiffs and Counterclaim Defendants Brian and Laura Dolezal ("Plaintiffs") initiated this action for Copyright Infringement, 17 U.S.C. § 501, against Defendants and Counterclaim Plaintiffs Starr Homes, LLC, Jerry and Jennifer Bain, and Castrop Design Group, LLC ("Defendants"). This matter is before the Court on Plaintiffs' Motion to Strike (Doc. 15). For the reasons set forth below, the motion is denied in its entirety.

## I. Standard to Strike Pleading

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[1] Striking a pleading is a drastic measure, and may often be brought as a dilatory tactic, thus motions to strike under Rule 12(f) are generally disfavored.[2] Because motions to strike are disfavored, a court "'should decline to strike material from a pleading unless that material has no

---

[1] Fed. R. Civ. P. 12(f).

[2] *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998); *RMD, L.L.C. v. Nitto Ams., Inc.*, No. 09–2056, 2012 WL 1033542, at *2 (D. Kan. Mar. 27, 2012) (citing *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05–1203, 2005 WL 2219325, at *1 (D. Kan. Sept. 13, 2005)).

possible relation to the controversy and may prejudice the opposing party.'"[3]  The decision to grant a motion to strike is within the district court's sound discretion.[4]

Plaintiffs move to strike portions of Defendants' Answer to Complaint, Affirmative Defenses, and Counterclaim (Doc. 11) on the grounds that (1) Paragraphs 59–106 describing individual features are redundant, immaterial, and impertinent; (2) Paragraphs 33–39 include scandalous, false statements which unfairly prejudice plaintiffs; (3) Defendants' affirmative defenses are insufficient as a matter of law; and (4) Paragraphs 11, 13, and 14 are immaterial. Further, Plaintiffs move to strike, or in the alternative dismiss, Defendants' counterclaim for copyright misuse for failure to state a claim. Defendants assert that Plaintiffs' motion is merely a lengthy denial based on unsupported arguments of Plaintiffs' counsel. The Court addresses Plaintiffs' objections in turn.

## II.     Discussion

### A.     Motion to Strike Individual Features from Copyright Misuse Claim

Plaintiffs move to strike paragraphs 59–106. In each of these paragraphs, Defendants list a separate, individual feature of the Dolezal home. Plaintiffs assert that Defendants have "repeatedly attempted to confuse the issues of the case and separate Plaintiffs' copyright infringement claims into individual features."[5] Defendants respond that prior to filing this lawsuit, Plaintiffs represented to Defendants that they had rights to various common architectural features, which are now named here in paragraphs 59–106, and the list is necessary to demonstrate the scope of Plaintiffs' allegedly improper representations. The list of features is

---

[3] *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1257 (D. Kan. 2011) (quoting *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008)).

[4] *See Kendall State Bank v. W. Point Underwriters, L.L.C.*, No. 10–2319–JTM, 2012 WL 3890264, at *2 (D. Kan. Sept. 7, 2012).

[5] Doc. 16 at 6.

included as factual support for Defendants' copyright misuse counterclaim. "Copyright misuse forbids the use of a copyright 'to secure an exclusive right or limited monopoly not granted by the copyright office and is contrary to public policy to grant.'"[6] "The court 'should decline to strike material from a pleading unless that material has no possible relation to the controversy and may prejudice the opposing party.'"[7] The list of features is factual support for Defendants' claim that Plaintiffs attempted to secure an exclusive right over something beyond the rights granted in their copyright, and accordingly the material is plausibly related to the copyright dispute. Further, Plaintiffs have not shown prejudice from these paragraphs, an explicit consideration in a motion to strike.[8] The Court finds that responding to paragraphs 59–106 is not an "undue burden"[9] as Plaintiffs allege, but rather part and parcel of litigation. Accordingly, the Court denies Plaintiffs' motion to strike paragraphs 59–106.

### B. Motion to Strike Paragraphs 33–39

Plaintiffs move to strike Paragraphs 33–39 as "scandalous, false statements which unfairly prejudice Plaintiffs [and] disingenuously question the moral character of plaintiffs and plaintiffs' counsel."[10] Defendants respond that the paragraphs are simply factual support for Defendants' view of the case. "'Scandalous' matter is that which improperly casts a derogatory light on someone, most typically a party to the action."[11] Scandalous allegations "degrade [a

---

[6] *Energy Intelligence Grp., Inc. v. CHS McPherson Refinery, Inc.*, 300 F. Supp. 3d 1356, 1372 (D. Kan. 2018).

[7] *Falley*, 787 F. Supp. 2d at 1257 (citing *Wilhelm*, 2008 WL 474265, at *2).

[8] *See id.*

[9] Doc. 22 at 8.

[10] Doc. 16 at 8.

[11] 5A C. Wright and A. Miller, *Federal Practice and Procedure (Civil) 2d* § 1382, at 712 (1990).

party's] moral character, contain repulsive language, or detract from the dignity of the court."[12]

The court finds that these factual contentions do not rise to the level of scandalous matter.

> The factual allegations in these paragraphs include:
>
> 33. Scott Bickford, the designer and architect of the Bickford technical drawings depicting the Dolezal home, reviewed the accused drawings and told the Dolezals and their attorneys that the accused drawings were not a copy of his drawings;
> 34. The Dolezals' attorneys were given unfettered access to the accused home under construction to openly show and prove to them and the Dolezals that their claims were unfounded and to avoid a costly and baseless lawsuit.
> 35. No reasonable person would claim copyright infringement of the Bickford technical drawings for a house after being advised by the architect for those plans that the accused plans were not a copy.
> 36. No reasonable person would claim copyright infringement of the architectural work built from the Bickford plans after walking through the accused home.
> 37. The Dolezals and their attorneys ignored Mr. Bickford, and disregarded the indisputable evidence, filing this suit for an improper purpose.
> 38. The Dolezals' and their attorneys' claim for copyright infringement is not warranted by existing law.
> 39. The Dolezals' and their attorneys' factual contentions are without evidentiary support.[13]

Plaintiffs assert that these statements are untrue, as well as irrelevant hearsay. Plaintiffs' conclusory assertion that these statements are untrue does not justify a motion to strike. As discussed above, "[t]he court 'should decline to strike material from a pleading unless that material has no possible relation to the controversy and may prejudice the opposing party.'"[14] This is a copyright dispute, and these factual contentions regarding the validity of the dispute are clearly material. Further, hearsay is a statement that "a party offers in evidence."[15] As

---

[12] *Miller v. Pfizer, Inc.*, CIV.A. 99-2326-KHV, 1999 WL 1063046, at *3 (D. Kan. Nov. 10, 1999).

[13] Doc. 11 ¶¶ 33–39.

[14] *Falley*, 787 F. Supp. 2d at 1257 (citing *Wilhelm*, 2008 WL 474265, at *2).

[15] Fed. R. Evid. 801(c)(2).

4

Defendants have not attempted to enter this statement into evidence, a hearsay objection is improper. Accordingly, Plaintiffs' motion to strike paragraphs 33–39 is denied.

C. **Defendants' Affirmative Defenses**

Plaintiffs move for the court to strike Defendants' affirmative defenses as insufficient as a matter of law. Plaintiffs contend that under the "indisputable facts,"[16] Defendants cannot show waiver, estoppel, acquiescence, or laches. Further, Plaintiffs state that because they have alleged facts supporting a claim of copyright infringement, Defendants' preserved affirmative defense of failure to state a claim should be stricken. Defendants respond that this request is both factually and legally unsound. The Court agrees.

"The court 'should decline to strike material from a pleading unless that material has no possible relation to the controversy and may prejudice the opposing party.'"[17] "Striking an affirmative defense is considered a 'drastic remedy,' and the court should only utilize the legal tool where the challenged allegations cannot succeed under any circumstances."[18]

Here, Plaintiffs' conclusory assertion that there are "indisputable facts" which preclude waiver, estoppel, acquiescence, or laches is unconvincing. At the pleading stage, Defendants need not show that their affirmative defenses will succeed on the merits.[19] Plaintiffs have not shown that Defendants' affirmative defenses—based on disputed factual allegations that occurred prior to the filing of the Complaint—"cannot succeed under any circumstance."[20] Defendants allege that Plaintiffs made representations prior to the filing of the litigation which

---

[16] Doc. 16 at 7.

[17] *Falley*, 787 F. Supp. 2d at 1257 (citing *Wilhelm*, 2008 WL 474265, at *2).

[18] *Id*. at 1259 (citing *Wilhelm*, 2008 WL 474265, at *2).

[19] *Id.* (citing Fed. R. Civ. P. 8(c)).

[20] *Id*.

5

are material to each of their affirmative defenses. At the pleading stage, these factual allegations are sufficient to support the pleading of these affirmative defenses. Further, the Court will not strike Defendants' preservation of their affirmative defense of failure to state a claim simply because Plaintiffs assert that they have "clearly stated a claim for copyright infringement."[21] Accordingly, Plaintiffs' motion to strike Defendants' affirmative defenses is denied.

### D. Puffery in Paragraphs 11, 13, and 14

Plaintiffs move to strike paragraphs 11, 13, and 14, alleging that Defendants' statements regarding the awards and reputation of Defendant Starr Homes is immaterial, impertinent, and should be stricken. Defendants contend that this information is relevant background demonstrating expertise and professionalism. Once again, the Court agrees. Motions to strike are "disfavored," and Plaintiffs have not met the high bar of showing that these facts are "redundant, immaterial, impertinent, or scandalous."[22] Further, Plaintiffs have not shown prejudice from these paragraphs, an explicit consideration in a motion to strike.[23] Plaintiffs claim prejudice insofar as these statements cause "confusion as to the real issues in the case."[24] The Court finds that these three paragraphs containing background information do not cause confusion as to the copyright issues in the case. Accordingly, Plaintiffs' motion to strike paragraphs 11, 13, and 14 is denied.

### E. Motion to Strike or Dismiss Counterclaim for Copyright Misuse

Plaintiffs move to strike, or in the alternative dismiss, Defendants' counterclaim for copyright misuse. Plaintiffs summarily argue that Defendants' counterclaim "includes mere

---

[21] Doc. 16 at 8.

[22] Fed. R. Civ. P. 12(f).

[23] See *Falley*, 787 F. Supp. 2d at 1257 (quoting *Wilhelm*, 2008 WL 474265, at *2).

[24] Doc. 22 at 13.

conclusory allegations without factual support" because "Plaintiffs have not claimed exclusive ownership of any of the 45 separate features" in their Complaint.[25] However, Defendants' counterclaim is not simply based on Plaintiffs' Complaint, but rather representations Plaintiffs made to Defendants "prior to filing this lawsuit."[26] As discussed above, Paragraphs 59–106 are Defendants' factual support of these alleged representations. A motion to dismiss is improper unless "it appears that the facts alleged fail to state a plausible claim for relief."[27] "Copyright misuse forbids the use of a copyright 'to secure an exclusive right or limited monopoly not granted by the copyright office and is contrary to public policy to grant.'"[28] To the extent Defendants allege that Plaintiffs used their copyright to secure an exclusive right beyond that granted by the copyright office, they have alleged a plausible claim. Plaintiffs' motion to strike, or in the alternative dismiss, the counterclaim is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Strike (Doc. 15) is denied.

**IT IS SO ORDERED.**

Dated: February 13, 2019

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[25] Doc. 16 at 11.

[26] Doc. 19 at 11.

[27] *Tackett v. Univ. of Kan.*, 234 F. Supp. 3d 1100, 1105 (D. Kan. 2017).

[28] *Energy Intelligence Grp., Inc. v. CHS McPherson Refinery, Inc.*, 300 F. Supp. 3d 1356, 1372 (D. Kan. 2018).