# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN DOLEZAL, et al., )
)
        Plaintiffs, )
)
v. ) Case No. 18-2524-JAR-GEB
)
STARR HOMES, LLC, et al., )
)
        Defendants. )
)

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Protective Order (**ECF No. 45**) to forbid Plaintiffs and/or their counsel from entering onto the Bain property for inspection of the Bain home. On May 28, 2019, the Court conducted an in-person hearing to discuss the motion and the schedule for this case. Plaintiffs Brian and Laura Dolezal appeared in person and through counsel, Mark Brown and Ryan Hinderliter. All Defendants appeared through counsel, Kyle Donnelly. After consideration of Defendants' motion and supporting memorandum (ECF Nos. 45, 46) and Plaintiffs' Response in Opposition (ECF No. 50), along with additional argument from counsel, Defendants' Motion for Protective Order (**ECF No. 45**) was **DENIED** by oral ruling during the hearing. In addition, new deadlines were established to govern this action. This written opinion memorializes those rulings.

**I.     Background**[1]

This is a copyright case involving the personal homes of plaintiffs Brian and Laura Dolezal and defendants Jerry and Jennifer Bain in Overland Park, Kansas. In 2013, Plaintiffs hired an architectural firm to design their custom home, and hired defendant Starr Homes, LLC ("Starr") as contractor to build the home. Later, in 2015, Plaintiffs allowed Starr to hire a residential designer, defendant Castrop Design Group, LLC ("Castrop") to produce architectural drawings of their home to promote a local "Homes of Distinction" tour. Then, in approximately 2018, Starr began building for the Bains what Plaintiffs believe to be a substantially similar residence, within two miles of Plaintiffs' home.

After unsuccessfully trying to resolve their dispute with the Bains, Plaintiffs registered two related copyrights: U.S. Copyright Registrations No. VAu 1-321-463 for technical drawings and No. VAu 1-321-645 for the corresponding architectural work. Plaintiff filed this lawsuit in October 2018, contending their copyrights were infringed by Defendants. They claim Starr built an infringing residence for Jerry and Jennifer Bain, using infringing drawings prepared by Castrop. Defendants assert counterclaims based on Plaintiffs' alleged copyright misuse and copyright invalidity, and make declaratory claims based on ownership, co-authorship, and derivative work.

The Bain home was still being built when Plaintiffs filed this case. Prior to the filing of this litigation, on September 21, 2018, Plaintiffs sought and were granted a

---

[1] Unless otherwise stated, this background information should not be construed as judicial findings or factual determinations.

walk-through of the Bain home. Plaintiffs were permitted "unfettered access" (ECF No. 50 at 3) to the home at that time, and Plaintiffs' counsel took multiple photos during the inspection. All parties acknowledge the Bain home was under construction and unoccupied during the September inspection.

The Bain home was completed in Spring 2019, and they moved into the home in approximately April 2019.[2] Plaintiffs informally sought to inspect the finished home by email to defense counsel on March 15, 2019; and again by email dated April 1, 2019. During an April 2, 2019 meet and confer telephone call, Plaintiff once more asked for an informal inspection, but Defendants' counsel suggested Plaintiffs serve a formal request under Fed. R. Civ. P. 34.

Plaintiffs served a Request to Enter onto Property for Inspection of Bain Home on April 5, 2019, seeking entry onto the Bains' property on May 6, 2019. (ECF No. 46-1, Ex. A.) Plaintiffs sought to "inspect, measure, survey, and photograph the Bain home." (*Id.*) On May 3, 2019, Defendants served objections to the request (ECF No. 46-2, Ex. B), and on May 6, the parties held a meet and confer telephone conference to discuss the issue. (ECF No. 46 at 2.)

Unable to resolve the issue, Defendants filed the instant Motion for Protective Order on May 8, 2019, asking the Court to prohibit the inspection. (ECF No. 45.)

---

[2] When asked at hearing, counsel for Defendants was unable to pinpoint the date the Bains actually moved into their home, but estimated they moved in between March 1 and April 1, 2019. Hearing Tr. 19:19-23 (ECF No. 53 at 19) (May 28, 2019).

## II. Defendants' Motion for Protective Order (ECF No. 45)

### A. Duty to Confer

As a threshold matter, the Court first considers whether the parties have sufficiently conferred regarding Defendants' Motion, as is required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.[3] A review of the briefing indicates counsel conferred in person, via email, and by telephone in an effort to resolve the issues with Plaintiffs' request for inspection. As such, the Court is satisfied counsel have adequately conferred as required.

### B. Legal Standard

Trial "[c]ourts are given broad discretion to control and place appropriate limits on discovery."[4] And "a magistrate [judge] is afforded broad discretion in the resolution of non-dispositive discovery disputes."[5] Applicable to this dispute are the discovery standards outlined in Fed. R. Civ. P. 34 and 26, which the parties and this Court agree provide the primary backdrop for review of Defendants' motion.

---

[3] D. Kan. Rule 37.2 provides the court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so." D. Kan. Rule 37.2.

[4] *Semsroth v. City of Wichita*, No. 06-2376-KHV-DJW, 2007 WL 2287814, at *1 (D. Kan. Aug. 7, 2007) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan.1990) (discussing whether to stay discovery).

[5] *In re Urethane Antitrust Litig.*, No. 04-1616-JWL, 2014 WL 61799, at *1 (D. Kan. Jan. 8, 2014) (citing *A/R Roofing, L.L.C. v. Certainteed Corp.*, 2006 WL 3479015, at *3 (D. Kan. Nov. 30, 2006) (other internal citations omitted).

The entry of a party onto another party's property to conduct discovery implicates Fed. R. Civ. P. 34(a)(2). This subsection allows a party to serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."[6] "It is within the court's discretion whether to permit entry under Rule 34(a)(2)."[7]

When examining disputes regarding such entry, other courts in this District have found when the parties disagree regarding the appropriateness of inspection, "the court must balance the respective interests by weighing the degree to which the proposed inspection will aid in the search for truth against the burdens and dangers created by the inspection."[8] In its discretion, the court may prohibit a Rule 34(a)(2) request if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information ...; or

---

[6] *Ardent Mills, LLC v. Archer-Daniels-Midland Company*, No. 12-2171-EFM-KGS, 2014 WL 7236760, at *5 (D. Kan. Dec. 17, 2014) (quoting Fed. R. Civ. P. 34(a)(2)) (granting in part and denying in part plaintiff's motion to compel entry and inspection of defendant's production facilities to observe and photograph collection of samples).

[7] *Id.* (citing *Lykins v. Certain Teed Corp.*, No. 11-2133-JTM-DJW, 2011 WL 6337631, at *5 (D. Kan. Dec. 19, 2011)). *Lykins* involved "Plaintiff's request for a protective order, instructing defendant CertainTeed to preserve the operational and mechanical status quo at their Kansas City, Kansas fiberglass manufacturing plant pending Plaintiff's inspection of the plant facilities." *Lykins*, 2011 WL 6337631, at *1.

[8] *Ardent Mills, LLC*, 2014 WL 7236760 at *5 (citing *Lykins*, 2011 WL 6337631*,* at *4; quoting *Morris v. Cabelas,* No. 10–2559–EFM–GLR, 2011 WL 2516904, at *1 (D. Kan. June 23, 2011); also citing 8B Charles Alan Wright, *et al., Federal Practice and Procedure* § 2214 (3d ed. 2010) ("It has also been held that where entry on land is sought, the court must balance the degree to which the proposed inspection will aid in the search for truth against the burdens and dangers created by the inspection.")).

(iii) the burden or expense of the proposed discovery outweighs its likely benefit."⁹

To determine whether the burden to the responding party is truly undue, "the court considers whether the burden or expense of complying with a discovery request 'is unreasonable in light of the benefits to be secured from discovery.'"¹⁰ The responding party bears the burden to "provide sufficient detail in terms of time, money and procedure required" for it to comply with the discovery request.¹¹

Although Rule 34(a)(2) governs the request itself, Rule 26(c)(1) provides the standard for issuance of a protective order as sought by the Bains. Under this rule, the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Such an order may, among other things, forbid the requested discovery, specify the terms for the disclosure or discovery, or limit inquiry into certain matters.¹² The party seeking the protective order has the burden of demonstrating good cause for it.¹³ To prove good cause, the moving party must offer "a particular and specific demonstration of fact, as distinguished from

---

⁹ *Ardent Mills, LLC*, 2014 WL 7236760 at *5.
¹⁰ *Id.* (citing *Heartland Surgical Specialty Hosp. v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 3171768, at *2 (D. Kan. Oct. 29, 2007)).
¹¹ *Id.* (citing *G.D. v. Monarch Plastic Surgery*, No. 06-2184-CM, 2007 WL 201150, at *2 (D. Kan. Jan. 22, 2007).
¹² Fed. R. Civ. P. 26(c)(1)(A), (B), and (D).
¹³ *See, e.g., ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1652056, at *3 (D. Kan. June 6, 2007).

stereotyped and conclusory statements."[14]  Whether to enter a protective order lies within the court's discretion.[15]

### C. Discussion

Defendants contend Plaintiff should "identify a need for inspection above and beyond general relevancy" because this is an occupied home. (ECF No. 46 at 4.)  To support this statement, Defendants rely on an unpublished opinion from Eastern District of Missouri, with significantly different facts.  In *Luer v. County of St. Louis, MO,*[16] the plaintiffs sued the police, claiming they were victims of an unreasonable search and seizure when police entered their home in the middle of the night, woke them at gunpoint, interrogated them, and searched their son's bedroom.  During the civil suit, the County of St. Louis sought an inspection of the plaintiffs' home, but the court denied the inspection, largely because the usefulness of the search was minimal, compared to the undue burden and continued emotional distress a search could cause to plaintiffs.[17]  Not only is this opinion non-binding, but it is distinguishable from the current issue.  In *Luer*, plaintiffs were previously traumatized by the police presence in their home and claimed permitting them back into the home would cause additional emotional distress. Additionally, the layout of the house was not in dispute. Although the Missouri court found relevance of the premises insufficient, alone, to support the inspection of a party's

---

[14] *Id.* (quoting *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003)).
[15] *Id.*
[16] *Luer v. County of St. Louis, MO,* 4:17-CV-767 NAB, 2018 WL 2734986 (E.D. Mo. June 7, 2018).
[17] *Id.* at *3.

7

premises, the *Luer* court also recognized the court's duty to "balance the parties' conflicting interests;" namely, the burden on plaintiffs weighed against the utility of the inspection to defendants.[18]

In its review, this Court has uncovered no binding authority regarding any possible "heightened" scrutiny for a request to inspect a personal home. In fact, although Defendants attempt to fashion a heightened standard from *Luer*, in that case the court still engaged in the process of weighing the parties' interests. In *Luer*, the court notes, "entry upon a party's premises *may* entail greater burdens and risks than mere production of documents, [so] a greater inquiry into the necessity for inspection would seem warranted."[19] Although this may require perhaps a weightier discussion of the necessity for inspection, the ultimate standard remains the same: the court is required to weigh the parties' interests.

In its discretion, this Court finds the interests of the parties weigh in favor of permitting the inspection. There is no doubt the information sought by Plaintiffs in this situation is relevant. But relevance is not the only consideration. After all, Plaintiffs claim the Bain home is a copy of their own, so it is difficult to see how inspection of the

---

[18] *Id*. at *2.
[19] *Id*. at *2 (citing *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978) (citing Fed. R. Civ. P. 26(c)) (emphasis added). Defendants also rely on a District of Minnesota case, which cited *Luer* in its denial of an inspection of a personal residence. *See Smith v. RW's Bierstube, Inc.*, 17-CV-1866 (PJS/HB), 2018 WL 4005754, at *5 (D. Minn. Aug. 20, 2018). In *RW Bierstube*, Plaintiff asserted an ADA violation in the parking lot of his apartment building, and defendant sought to inspect his personal living quarters. The court permitted inspection of the external lot but denied inspection of his residence, in part due to a lack of relevance. Despite acknowledgement of the invasion of privacy of his home, the court balanced "the degree to which the proposed inspection will aid in the search for truth . . . against the burdens and dangers created by the inspection." *RW's Bierstube*, 2018 WL 4005754, at *5.

home itself, in its finished state, is not only relevant but entirely necessary to all parties' claims and defenses. Although Plaintiffs have previously inspected the home, the prior inspection was conducted during construction. Plaintiffs have not previously had the opportunity to inspect the *finished* home, so a second inspection does not appear unreasonably cumulative or duplicative. Even though Defendants provided photos of the completed home to Plaintiffs, such photos were taken solely at Defendants' discretion, including the number of photos, the locations of the items photographed, and the like. Despite their best of intentions, requiring Plaintiffs to be at Defendants' mercy regarding what photos they might utilize is patently unfair to Plaintiffs' burden to support their claims.

When analyzing whether the burden or expense of the proposed discovery outweighs its likely benefit, the burden to the Bains appears slight. The Court recognizes this is their personal home. But the imposition can be minimized if the Court limits the temporal scope of the inspection and requires the presence of defense counsel. Defendants will bear minimal expense and will only be asked to leave their home for a short time. Additionally, the fact that Defendants could have lessened the burden even more by working with Plaintiffs to schedule the inspection prior to the Bains' move, and chose not to do so, tips the scales even more in Plaintiffs' favor. Therefore, Defendants have failed to demonstrate good cause sufficient to justify a protective order prohibiting the inspection.

### D. Conclusion

Weighing the parties' interests, as the Court is obligated to do, in its discretion, the Court finds the burden to Defendants is minimized by limiting the scope of the inspection appropriately. Defendants' motion for protective order is denied, but the Court places the following limitations on the inspection of Defendants' home. The inspection must occur within 30 days of this order and may not extend past two hours in duration. Because Plaintiffs have drawings, photos, and plans, and previously inspected the home in its unfinished condition, the Court expects Plaintiffs to have a reasonable idea of the areas they wish to inspect, and to arrive at the inspection with a "road map," which they will provide at that time to Defendants' counsel. Defense counsel may be present during the entire inspection, if it so chooses. All counsel must conduct themselves in a manner which respects the Bains' home and sensitive and personal locations and effects therein.

## III. Revised Schedule

In prior hearings, the parties disagreed on whether the current scheduling order should be modified in light of the prior and current discovery disputes. However, given the number of discovery disputes between the parties and the looming discovery deadline, the Court finds it appropriate to modify the schedule.

After thorough discussion with the parties during the conference, the Court establishes the following revised deadlines:

| Event | Deadline/Setting |
|---|---|
| Defendants to file joint notice of mediation | 7/12/19 |
| All fact discovery completed | 8/30/19 |
| Mediation deadline | 9/6/19 |
| Experts disclosed by disclosed by party with burden of proof | 9/20/19 |
| Experts disclosed by opposing party | 11/8/19 |
| Expert discovery complete | 12/6/19 |
| All discovery complete | 12/20/19 |
| All potentially dispositive motions (e.g., summary judgment) and motions challenging admissibility of expert testimony | 1/31/20 |
| Proposed pretrial order due | 1/9/20 |
| Pretrial conference | 1/17/20 @ 10:00 a.m |
| Jury Trial in Kansas City; ETT: 5 days | 10/27/20 @ 9:00 a.m. |

The pretrial conference set for **January 17, 2020 at 10:00 a.m**. will be conducted by dial-in telephone conference unless the judge determines that the proposed pretrial order is not in the appropriate format or that there are some problems requiring counsel to appear in person. Counsel and any pro se parties must dial **888-363-4749** and enter Access Code **9686294** to join the conference. Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference.

No later than **January 9, 2020**, defense counsel must submit the parties' proposed pretrial order (formatted in Word) as an attachment to an e-mail sent to ksd_birzer_chambers@ksd.uscourts.gov. The proposed pretrial order must not be filed

with the Clerk's Office. It must be in the form available on the Court's website: http://ksd.uscourts.gov/index.php/forms/?open=CivilForms. The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

The parties expect the jury trial of this case to take approximately **five (5)** trial days. This case will be tried in Kansas City, Kansas. This case is set for trial on the Court's docket beginning on **October 27, 2020 at 9:00 a.m**. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial. The parties and counsel are advised that any future request for extension of deadlines that includes a request to extend the dispositive motion deadline will likely result in a new (i.e., later) trial date.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, the Court **DENIES** Defendants' motion for protective order (**ECF No. 43**), subject to the restrictions outlined herein.

**IT IS FURTHER ORDERED** that the schedule in this case is modified as set forth above.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 26th day of June 2019.

                                              s/ Gwynne E. Birzer
                                             GWYNNE E. BIRZER
                                             United States Magistrate Judge