# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRIAN DOLEZAL, et al.,**<br><br>    Plaintiffs,<br><br>    v.<br><br>**STARR HOMES, LLC, et al.,**<br><br>    Defendants. | Case No. 2:18-CV-2524-JAR-GEB |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Leave to File Under Seal (Doc. 67). For the reasons below, the Court **denies** this motion **without prejudice**.

Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents."[1] The Court, however, does have "discretionary power to control and seal, if necessary, records and files in its possession."[2] "In exercising this discretion, [the court] weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties."[3] "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."[4] Additionally,

> The fact that the exhibits are "confidential" within the meaning of the parties' protective order has no bearing on whether those exhibits should be sealed in the record. The disclosure analysis is simply not the same under Rule 26(c), which applies to private materials uncovered in discovery that are not part of the judicial record. The disclosure analysis under Rule 26(c) generally

---

[1] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[2] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[3] *Id.*; *United States v. Apperson*, 642 F. App'x 892, 899 (10th Cir. 2016).

[4] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

balances the need for discovery against the need for confidentiality. But once such discovery material is filed with the court, it becomes a judicial record and the standard that applies when a party wants to keep such material under seal is much higher.[5]

The Court finds that Defendants have not met their burden of demonstrating that they have a significant interest that outweighs the presumption of public access to the exhibits they seek to file under seal. Defendants' motion simply states that "Defendants seek to file Confidential Exhibits which have been marked 'Confidential.'"[6] Without any specific argument as to how these exhibits raise significant interests in confidentiality, the Court cannot conduct the balancing test to determine whether it is appropriate to file the exhibits under seal. To the extent Defendants believe there is a significant interest that justifies sealing these exhibits, they may refile their motion, detailing to the Court the significant interests in confidentiality raised by these exhibits.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion for Leave to File Under Seal (Doc. 67) is **denied without prejudice**.

**IT IS SO ORDERED.**

Dated: August 19, 2019

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] *New Jersey & its Div. of Inv. v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 5416837, at *2 (D. Kan. Dec. 17, 2010) (citing *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010)).

[6] Doc. 67 at 2.